## UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
OFFICE OF THE CLERK
UNITED STATES COURTHOUSE
450 MAIN STREET
HARTFORD, CT 06103

**ROBIN D. TABORA**
CLERK

TEL. NO. 240-3200
(AREA CODE 860)

www.ctd.uscourts.gov

**CHIEF DEPUTY CLERK**

**LINDA I. KUNOFSKY**
DEPUTY-IN-CHARGE
HARTFORD

FILED
~~RECEIVED~~

December 27, 2007

DEC 3 1 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Mr. Richard W. Wieking, Clerk
400-S Ronald V. Dellums Federal Building
1301 Clay Street
Oakland, CA 94612-5212

Re: **MDL-1894 -- In Re: US Foodservice Inc Pricing Litigation**

Dear Mr. Wieking:

    Enclosed is one certified copy of an order filed by the Judicial Panel on Multi District Litigation. The Panel has determined that it is appropriate to transfer all cases relating to this matter to the District of Connecticut, to the docket of the Honorable Christopher F. Droney, United States District Judge.

    Please run the Utility ▓Extract Civil Case▓ in order for us to receive the following case electronically:

    <u>Catholic Healthcare West v Koninklijke Ahold NV etal
C.A.4:07cv4242</u> ~ Cw

    If you have any questions, please do not hesitate to contact me.

Very truly yours,

Roberta D. Tabora, Clerk

By: Linda S. Ferguson
    Deputy Clerk

Enclosure

cc: Judicial Panel on Multidistrict Litigation



United States District Court
District of Connecticut
FILED AT HARTFORD
12/18 20 07
Roberta D. Tabora, Clerk
By /s/ [signature]

A CERTIFIED TRUE COPY
ATTEST
By Bonita Bagley on Dec 18, 2007
FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Dec 18, 2007

FILED
CLERK'S OFFICE

IN RE: U.S. FOODSERVICE, INC.,
PRICING LITIGATION

MDL No. 1894

3-07md1894 (CCR)

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in an action pending in the District of Connecticut have moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the District of Connecticut. Defendants in all actions support plaintiffs' motion; defendants U.S. Foodservice, Inc. (USF) and Koninklijke Ahold N.V. alternatively support selection of the District of Maryland as the transferee forum. Plaintiffs in the Northern District of California and the Southern District of Illinois actions oppose centralization and, alternatively, prefer selection of the Southern District of Illinois as the transferee forum.

This litigation currently consists of three actions listed on Schedule A and pending, respectively, in the following three districts: the Northern District of California, the District of Connecticut, and the Southern District of Illinois.

On the basis of the papers filed and hearing session held, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the District of Connecticut will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All three actions, which are brought on behalf of putative nationwide classes, involve allegations that USF engaged in a scheme to overcharge its customers by manipulating the invoice cost in "cost-plus" food service contracts, under which customers were charged the cost of what USF paid for the product plus a fixed mark-up/distribution fee. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly with respect to the issue of class certification); and conserve the resources of the parties, their counsel and the judiciary.

Objecting plaintiffs assert, *inter alia*, that transfer of the actions under Section 1407 is unnecessary because (1) their actions do not present significant overlapping issues of fact or law with the District of Connecticut action, and (2) voluntary alternatives to Section 1407 are superior. We respectfully disagree. Regardless of any differences among the three actions, they raise common factual questions concerning the propriety of USF's performance of cost-plus contracts. Transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a

---

[*] Judge Scirica took no part in the disposition of this matter.

-2-

streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary.

We are persuaded that the District of Connecticut is an appropriate transferee forum for this litigation. The action pending there is the earliest filed and most advanced. Further, because many defendants are located on the east coast, relevant documents and witnesses may be found relatively close.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Connecticut are transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable Christopher F. Droney for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

D. Lowell Jensen           J. Frederick Motz
Robert L. Miller, Jr.      Kathryn H. Vratil
David R. Hansen            Anthony J. Scirica*

IN RE: U.S. FOODSERVICE, INC., PRICING LITIGATION

MDL No. 1894

## SCHEDULE A

<u>Northern District of California</u>

Catholic Healthcare West v. Koninklijke Ahold N.V., et al., C.A. No. 4:07-4242

<u>District of Connecticut</u>

Waterbury Hospital, et al. v. U.S. Foodservice, Inc., C.A. No. 3:06-1657

<u>Southern District of Illinois</u>

Thomas & King, Inc. v. Koninklijke Ahold N.V., et al., C.A. No. 3:07-608

I Hereby certify that the forgoing is a true copy of the original document on file. Date: 12/27/07

Roberta D. Tabora
Clerk
By_____
Deputy Clerk